IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EVELYN CLARK and BRADLEY ELDRED, on behalf of themselves and all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 03 C 7882 |
| EXPERIAN INFORMATION, INC., and CONSUMERINFO.COM | ) ) ) ) | |
| Defendants. | ) | |

MEMORANDUM OPINION AND ORDER

JAMES F. HOLDERMAN, District Judge:

On June 1, 2005, plaintiffs Evelyn Clark, ("Clark"), and Bradley Eldred ("Eldred"), (collectively "plaintiffs"), on behalf of themselves and all others similarly situated, filed a second amended class action complaint against defendants Experian Information Solutions, Inc. ("Experian"), and ConsumerInfo.com (collectively "defendants"), alleging a violation of the Illinois Consumer Fraud Deceptive Practices Act, 815 ILCS 505/1 *et seq*., negligent misrepresentation and unjust enrichment. (Dkt. No. 143). On September 15, 2005, the plaintiffs filed the pending motion for class certification pursuant to Rule 23 of the Federal Rules of Civil Procedure, ("Rules"). (Dkt. No. 192). The plaintiffs also filed a motion on October 25, 2005 to strike the Declaration of Professor Carol A. Scott ("Professor Scott"), (Dkt. No. 209), which the defendants had included on October 20, 2005 as an exhibit in support of their memorandum in opposition to the plaintiffs' pending motion for class certification. (Dkt. No. 207). For the reasons set forth below, this court denies the plaintiffs' motion for class certification.

BACKGROUND

Plaintiffs' second amended complaint alleges that the defendants have "engaged in an unfair and deceptive act and practice by luring customers onto various web sites they jointly operate with the promises of a 'free' credit report, ... [but] by accepting the 'free' credit report ... consumers unknowingly enroll in and commit themselves to pay for the defendants' CreditCheck Monitoring Service, ("CMS"). (Dkt. No. 143 at ¶ 2). The plaintiffs allege that during the class period, consumers were either charged for a $79.95 automatically renewing one year memberships or $10.95 for automatically renewing one month membership in CMS. (*Id.*) The plaintiffs' propose a class of: (1) all residents of the State of Illinois who, (2) on or after August 29, 2000, (3) responded to the Defendants' electronic offer for a free credit report, (4) were enrolled in and charged for Defendants' CreditCheck Monitoring Service, and (5) failed to access Defendants' CreditCheck Monitoring Service. (*Id.* at ¶ 110).

ANALYSIS

The plaintiffs' motion for class certification seeks certification pursuant to Rule 23(a) and 23(b)(3). Under Rule 23(a), class certification is available only if: "(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). Additionally, one of the three subsections of Rule 23(b) must satisfied in order to maintain a class action. Fed. R. Civ. P. 23(b). If the court determines that it is appropriate to proceed as a class action, then it must turn its attention to secondary issues including defining the class, class claims, issues and defenses, appointment of class counsel and the appropriate class notice. Fed. R. Civ. P. 23(c).

"Courts have broad discretion to determine whether certification of a class is appropriate." *Barner v. City of Harvey*, No. 95 C 3316, 2004 WL 2092009, at *2 (N.D. Ill. Sept. 15, 2004) (citing *Chavez v. Illinois State Police*, 251 F.3d 612, 629 (7th Cir. 2001); *Retired Chicago Police Ass'n v. City of Chicago*, 7 F.3d 584, 596 (7th Cir. 1993)). "Nonetheless, a class action 'may only be certified if the trial court is satisfied, after rigorous analysis, that the prerequisites of the rule governing class actions have been satisfied." *Fields v. Maram*, No. 04 C 0174, 2004 WL 1879997, at *2 (N.D. Ill. Aug. 17, 2004) (quoting *Gen. Tel. Co. of the Sw. v. Falcon*, 457 U.S. 147, 161 (1982)). "The party seeking class certification bears the burden of showing that the requirements for class certification have been met." *Mirfasihi v. Fleet Mortgage Corp.*, No. 01 C 722, 2005 WL 1950386, at *11 (N.D. Ill. Aug. 11, 2005) (citations omitted).

"In general, the court must not consider the merits of the case. ... However, the court may look beyond the pleadings to determine whether the requirements of Rule 23 have been satisfied." *Pastor v. State Farm Mut. Auto. Ins. Co.*, No. 05 C 1459, 2005 WL 2453900, at *2 (N.D. Ill. Sept. 30, 2005) (citing *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177 (1974); *Szabo v. Bridgeport Mach, Inc.*, 249 F.3d 672, 675 (7th Cir. 2001); *Retired Chicago Police Ass'n v. City of Chicago*, 7 F.3d 584, 598 (7th Cir. 1993)). "The boundary between a class determination and the merits may not always be easily discernible. ... In order to resolve questions of typicality or whether common questions predominate, it is sometimes necessary to determine the contours of the applicable law." *Chapman v. Worldwide Asset Mgmt., L.L.C.*, No. 04 C 7625, 2005 WL 2171168, at *1 (N.D. Ill. Aug. 30, 2005) (citations omitted).

This court is denying the motion for class certification because the requirements of Rule

23(b)(3) are not satisfied. Rule 23(a)(2) requires there to be "questions of law and fact common to the class." Fed. R. Civ. P. 23(a)(2). Rule 23(b)(3) requires this court to determine whether there are "questions of law or fact common to the members of the class [that] predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3). "The matters pertinent to the finding [under Rule 23(b)(3)] include: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action." *Id.*

"A common nucleus of operative facts is usually enough to satisfy the commonality requirement of Rule 23(a)(2)." *Murrary v. New Cingular Wireless Servs, Inc.*, – F.R.D. –, No. 04 C 7666, 2005 WL 3115813, at *2 (N.D. Ill. Nov. 17, 2005) (citing *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992)). "Commonality [under Rule 23(a)(2)] is not a demanding requirement: It calls only for the existence of at least one issue of fact or law common to all class members." *Pastor v. State Farm Mut. Auto. Ins. Co.*, No. 05 C 1459, 2005 WL 2453900, at *4 (N.D. Ill. Sept. 30, 2005) (citing *Harris v. General Dev. Corp.*, 127 F.R.D. 655, 661 (N.D. Ill. 1989); *Meiresonne v. Marriot Corp.*, 124 F.R.D. 619, 622 (N.D. Ill. 1989)).

Rule 23(b)(3)'s "predominance inquiry is far more demanding than Rule 23(a)'s commonality requirement." *Murray*, – F.R.D. –, No. 04 C 7666, 2005 WL 3115813, at *5 (citing *Amchem Prods. v. Windsor*, 521 U.S. 591, 623-24 (1997)). "In order to demonstrate that

4

common questions predominate, plaintiffs must show that the issues common to the class outweigh any individual questions." *Dawson v. Allied Interstate, Inc.*, No. 04 C 6618, 2005 WL 1692602, at *4 (N.D. Ill. July 13, 2005) (citing *Dhamer v. Bristol-Myers Squibb Co.*, 183 F.R.D. 520, 529 (N.D. Ill. 1998)). "If individual issues predominate, then class certification is usually not a superior method for resolving the controversy, since management of such issues by a court will not be efficient." *Murry v. American's Mortgage Banc, Inc.*, Nos. 03 C 5811, 03 C 6186, 2005 WL 1323364, at *3 (N.D. Ill. May 5, 2005) (citing *Szabo v. Bridgport Mach., Inc.*, 249 F.3d 672, 675 (7th Cir. 2001)).

The plaintiffs' claims allege a violation of the Illinois Consumer Fraud Deceptive Practices Act, 815 ILCS 505/1 *et seq*., ("Consumer Fraud Act"), and Illinois common law negligent misrepresentation and unjust enrichment claims. "To succeed in a private cause of action under the Consumer Fraud Act, a plaintiff must prove '(1) a deceptive act or practice by the defendant, (2) the defendant's intent that the plaintiff rely on the deception, (3) the occurrence of the deception in the course of conduct involving trade or commerce, and (4) actual damages to the plaintiff (5) proximately caused by the deception." *Avery v. State Farm Mut. Auto. Ins. Co.*, 835 N.E.2d 801, 856 (Ill. 2005) (citing *Oliveira v. Amoco Oil Co.*, 776 N.E.2d 151, 160 (Ill. 2002)). "To prevail on a negligent misrepresentation claim a plaintiff must plead and prove: (1) a false statement of material fact; (2) carelessness or negligence in ascertaining the truth of the statement by the party making it; (3) an intention to induce the other party to act; (4) action by the other party in reliance on the truth of the statement; (5) damages to the other party resulting from such reliance; and (6) when the party making the statement is under a duty to communicate accurate information." *Equity Builders and Contractors, Inc. v. Russell*, No. 05

5

C 1937, 2005 WL 2664243, at *6 (N.D. Ill. Oct. 17, 2005) (citing *Roe v. Jewish Children's Bureau of Chicago*, 790 N.E.2d 882, 893 (Ill. App. Ct. 2003)). "To state a valid claim for unjust enrichment, plaintiff must allege 'that there has been unjust retention of a benefit to the plaintiff's detriment." *Taylor, Bean & Whitaker Mortgage Corp. v. Vincent Cebulak*, No. 02 C 7424, 2004 WL 2106605, at *15 (N.D. Ill. Sept. 20, 2004) (quoting *Dames & Moore v. Baxter & Woodman, Inc.*, 21 F. Supp. 2d 817, 827 (N.D. Ill. 1998)).

Common questions exist sufficient to satisfy Rule 23(a)(2) but these common questions do not predominate so as to make proceeding by way of a class action superior to individual actions. Therefore, the requirements of Rule 23(b)(3) are not satisfied. The nature of the plaintiffs' claims require an individualize person-by-person evaluation of what the potential class members viewed on the defendants' website, the potential class member's understanding of and reliance on this information, and what damages, if any, resulted. *See Nagel v. ADM Investor Servs., Inc.*, 217 F.3d 436, 443 (7th Cir. 2000) (noting that consumer fraud claims are plaintiff specific and therefore not likely to have common class issues that predominate over individual issues). The defendants also have the right to assert affirmative defenses and these affirmative defenses will require a person-by-person evaluation of conduct to determine whether an individual potential class member's action precludes individual recovery. *See Lilly v. Ford Motor Co.*, No. 00 C 7372, 2002 WL 507126, at *2 (N.D. Ill. Apr. 3, 2002).

The plaintiffs argue that this court can avoid these individualized issue by deciding as a matter of law that the defendants website is *per se* deceptive. They point to decisions by the Federal Trade Commission ("FTC"), and consumer ratings by the Better Business Bureau to demonstrate that the defendants' website is unreasonably deceptive. The plaintiffs then attempt

6

to link this argument to a belief that any potential class member who did not access the defendants' credit monitoring service must have been deceived and is entitled to recovery. However, claiming that a website is deceptive is not sufficient by itself to allow recovery for any of the three causes of action alleged by the plaintiffs. Even if the website is deceptive, this does not automatically result in finding that the individual class member has a cause of action against the defendants.[1]

Individual questions also predominate as to damages for each potential class member. Some potential class members never paid their original membership fee because they stopped payment on their credit cards while others received a refund directly from defendants or via a settlement entered into between the FTC and defendants. (Dkt. No. 213 at pgs. 35-36). This court would need to perform an individualized calculation of each potential class member's recovery since individual factors will impact what amount of recovery, if any, is proper for each potential class member. *See Oshana v. Coca-Cola Bottling Co.*, 225 F.R.D. 575, 587 (N.D. Ill. Jan. 14, 2005) (quoting *Birnberg v. Milk Street Residential Assoc. L.P.*, No. 02 C 978, 02 C 3436, 2003 WL 21267103, at *7 (N.D. Ill. May 29, 2003) ("A class action is not a superior method of adjudication when extensive individualized proceedings to determine causation, damages and reliance are unavoidable.")).

---

[1] This reasoning also results in the mooting of the plaintiffs' October 25, 2005 motion to strike the Declaration of Professor Scott. (Dkt. No. 209). The defendants included Professor Scott's declaration as an exhibit in support of its memorandum in opposition to the plaintiffs' pending motion for class certification. (Dkt. No. 207). The defendants presented Professor Scott's declaration in support of their argument that the website was not misleading. However, as discussed above, the question is not whether the website is *per se* misleading but whether individual potential class members were deceived by the website in a manner that violates Illinois law.

The parties are currently engaged in a discovery dispute before Magistrate Judge Brown. The plaintiffs represented at the December 15, 2005 status hearing before this court that they believe that some of the disputed discovery material, including information related to the defendants' settlement with the FTC, could be relevant to their class certification arguments. The plaintiffs assert that they may wish to file additional information on this motion depending on the material they obtain once the pending discovery dispute is resolved.

This court, however, is issuing this opinion despite the pending discovery dispute because the court believes there is no additional information that the plaintiffs could present relating to the material sought in that discovery dispute which would alter the basis of this court's decision today. The plaintiffs' argument for class certification in sum is that the defendants' website is deceptive and that fact by itself, according to plaintiffs' counsel, is enough to allow for class certification. As explained above, the plaintiffs' position is incorrect because in a consumer fraud case such as this, this court must examine actions by both the defendants as well as the putative class members to determine liability. In this case, the court would also need to make individual determinations as to damages because some potential class members have already received reimbursement. The need to examine each potential class member's unique factual circumstances results in the predomination of individual determinations that defeats class certification under Rule 23(b)(3) regardless of the discovery that is being sought.

## CONCLUSION

For the reasons set forth above, the plaintiffs' motion for class certification pursuant to Rule 23 of the Federal Rules of Civil Procedure of September 15, 2005 (Dkt. No. 192), is denied. The plaintiffs' motion of October 25, 2005 to strike the Declaration of Professor Carol A. Scott (Dkt. No. 209), is moot. The parties are once again urged to discuss settlement. The case is set for a report on status on January 19, 2006 at 9:00am.

ENTER:

_____
JAMES F. HOLDERMAN
United States District Judge

Date: December 15, 2005