IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

EVELYN CLARK and BRADLEY ELDRED, )
)
        Plaintiffs, )
)
v. ) No. 03 C 7882
)
EXPERIAN INFORMATION SOLUTIONS, INC., )
and CONSUMERINFO.COM, )
)
        Defendants. )

MEMORANDUM OPINION AND ORDER

JAMES F. HOLDERMAN, District Judge:

On January 9, 2006, defendant Consumerinfo.com, Inc. ("Consumer"), filed the pending objections (Dkt. No. 238), to Magistrate Judge Brown's memorandum opinion and order of January 6, 2006. (Dkt. No. 240). Consumer supplemented these objections on March 8, 2006. (Dkt. No. 251). For the reasons set forth below, this court denies Consumers' objections to Judge Brown's decision of January 6, 2006.

BACKGROUND

Plaintiffs Evelyn Clark and Bradley Eldred (collectively "plaintiffs"), filed a second amended class action complaint on June 1, 2005 against defendants Experian Information Solutions, Inc. and Consumer (collectively "defendants"), alleging a violation of the Illinois Consumer Fraud Deceptive Practices Act, 815 ILCS 505/1 *et seq.*, negligent misrepresentation and unjust enrichment. *Clark v. Experian Infor. Inc.*, 233 F.R.D. 508, 509 (N.D. Ill. 2005) (Holderman, J). The plaintiffs alleged in their complaint that the defendants have lured customers onto various websites with a promise of a free credit report, but in reality the consumers are unknowingly enrolled in an automatically renewing credit monitoring service

costing either $79.95 a year or $10.95 a month. *Id.* at 510. On December 15, 2005, this court denied the plaintiffs' motion for class certification and on January 31, 2006 the Seventh Circuit denied the plaintiffs' petition for permission to appeal the class certification decision pursuant to Rule 23(f) of the Federal Rules of Civil Procedure. *In re: Clark*, No. 05-8038 (7th Cir. Jan. 31, 2006); (Dkt. No. 246).

In addition to the plaintiffs' complaint, the Federal Trade Commission ("FTC"), had been engaged in an investigation into comparable allegations made by consumers against the defendants' websites. In August 2005, the FTC "announced a settlement with [Consumer] and entered into a Stipulated Final Judgment and Order for Preliminary Injunction regarding conduct that is substantially similar to the subject of the plaintiffs' complaint." *Clark v. Experian Info. Solutions, Inc.*, No. 03 C 7882, 2006 WL 626820, at *1 (N.D. Ill. Jan. 6, 2006) (Brown, J). According to Judge Brown's January 6, 2006 opinion, the plaintiffs seek through discovery all documents produced by [Consumer] to the FTC in connection with the investigation that led to the filing of the FTC's complaint. *Id.* Consumer objected to the production of any of these documents, whether preexisting documents produced to the FTC or documents created in connection with the FTC settlement negotiations, because the documents were irrelevant and therefore unlikely to lead to discoverable evidence and because they were protected under Rule 408. *Id.* at *1.

A. Judge Brown's January 6, 2006 Order

Judge Brown held in her January 6, 2006 decision that the "[d]efendants are simply wrong in asserting that Rule 408 makes information relating to settlement negotiations off limits for discovery. ... [T]he exclusion in Rule 408 is quite narrow, covering only: (a) evidence of

offers or acceptances of valuable consideration for the purpose of proving liability for or invalidity of a claim or its amount; and (b) evidence of conduct or statements made in compromise negotiations." *Id.* at *3. Rejecting the defendants' "unsustainable blanket approach," Judge Brown subdivided the contested documents into three categories to facilitate her analysis: (1) communications between the FTC and [Consumer] which Rule 408 suggests should be subdivided between documents that contain discussions of attempts to compromise, and those that do not; (2) business records that existed prior to the commencement of the FTC's investigation, but were furnished to the FTC following the instigation of the investigation; and (3) documents, including data compilations, prepared by the defendants especially in response to requests by the FTC for information. *Id.* Judge Brown also noted that her decision "relates solely to discovery; decisions about admissibility of evidence are the prerogative of the judge presiding at trial." *Id.* at *6.

Judge Brown held that only documents in Category 1 are protected from discovery under Rule 408. *Id.* at *6. "Category 1 includes documents that actually reflect [Consumer] and the FTC's negotiations, that is, offers, counteroffers, acceptances, drafts of the proposed agreed orders." *Id.* Category 2 documents were not protected under Rule 408. The fact that the documents might provide insight into the settlement negotiations or exchanged during a settlement negotiation process is not sufficient to prevent the future discovery of the document during discovery. *Id.* at *4. As for Category 3 documents, Judge Brown held that those documents were voluntarily produced during the negotiation process and this waived any type of privilege that the defendants might expected with these documents. *Id.* at *4-*6.

Consumer seeks this court to set aside Judge Brown's January 6, 2006 order or, in the

3

alternative, to modify her order so as to prevent the discovery of all documents exchanged between FTC and Consumer once the parties began settlement discussions in August 2002. Consumer argues that Judge Brown's holding that Rule 408 applies to only evidence of offers or acceptances of valuable consideration for the purpose of proving liability for or invalidity of a claim or its amount and evidence of conduct or statements made in compromise negotiations is contrary to law. The plaintiffs argue that Judge Brown is correct and should be affirmed.

## STANDARD OF REVIEW

As a nondispositive matter, this court's review of Judge Brown's decision is governed by Rule 72(a) and 28 U.S.C. § 636(b)(1). *See Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997). A party may serve and file objections to a magistrate judge's order within 10 days of being served with a copy of the order. Fed. R. Civ. P. 72(a). This court must modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law. *Id.* "A finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Fid. Nat'l Title Ins. Co. of New York v. Intercounty Nat'l Title Ins. Co.*, No. 00 C 5658, 2002 WL 1433584, at *2 (N.D. Ill. July 2, 2002) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)). This court's review is deferential and the court will only set aside and modify a decision that "contains some clearly apparent mistake." *F.T.C. v. Pacific First Ben., LLC*, 361 F. Supp. 2d 751, 754 (N.D. Ill. 2005) (citing *Weeks*, 126 F.3d at 943; *Chavez v. Illinois State Police*, 27 F. Supp. 2d 1053, 1066 (N.D. Ill. 1998)).

ANALYSIS

A. Time Period for Filing of Objections

This court must first consider whether Consumer has complied with the ten day filing requirement set forth in Rule 72(a). Judge Brown's initial order granting the plaintiffs' motion to compel was dated on December 13, 2005 and was entered on the court's docket on December 14, 2005. (Dkt. No. 228). The parties received notice of the order on December 14, 2005 via the court's electronic filing system CM-ECF. Consumer did not file its initial objections until January 9, 2006 beyond the ten day period set forth in Rule 72(a). (Dkt. No. 238); *see Lerro v. Quaker Oats Co.*, 84 F.3d 239, 241-42 (7th Cir. 1996) (setting forth the method for calculating the date objections are due to a magistrate judge's recommendation).

Judge Brown, however, did state in open court on December 13, 2005 that she would be providing a written opinion and she provided that opinion on January 6, 2006. (Tr. 12/13/05 at pg. 12). Thus, it was appropriate for Consumer to wait until Judge Brown issued her written ruling before filing any objections to her decision. Alternatively, Rule 72(a)'s ten day filing requirement is not jurisdictional and this court has the discretion to consider late objections. *See Anderson v. Hale*, 159 F. Supp. 2d 1116, 1117 (N.D. Ill. 2001) (citing *Krugel v. Apfel*, 215 F.3d 784 (7th Cir. 2000)). Therefore, this court believes it is appropriate to consider Consumer's objections, even if they are not timely under Rule 72(a), in light of the need to wait until Judge Brown had issued her written opinion.

B. The Merits of Consumers Objections to Judge Brown's Opinion

A party may "obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition and

5

location of any books, documents, or other tangible things." Fed. R. Civ. P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* As Judge Cole recently explained in *Murata Mfg. Co., Ltd. v. Bel Fuse Inc.*,

> The Federal Rules of Civil Procedure authorize the broadest scope of discovery and relevance under Rule 26(b)(1) is construed more broadly for discovery than for trial. Indeed, given the minimal notice pleading system established by the Federal Rules of Civil Procedure, discovery is not even limited to issues raised by the pleadings, because discovery itself is designed to help define and clarify what the issues are. Nor is discovery limited to the merits of the case, for a variety of fact-oriented issues may arise during litigation that are not related to the merits.

– F. Supp. 2d –, No. 03 C 2934, 2006 WL 687172, at *8 (N.D. Ill. Mar. 14, 2006) (internal citations and quotations omitted). The plaintiffs have a right to seek discovery of materials from Consumer related to the FTC's investigation and the settlement negotiations between the FTC and Consumer because these items are relevant under Rule 26 unless discovery is prohibited in some other manner under the Rules.

Consumer argues that Rule 408 of the Federal Rules of Evidence[1] bars the plaintiffs'

---

[1] Rule 408 of the Federal Rules of Evidence states:

Evidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount, is not admissible to prove liability for or invalidity of the claim or its amount. Evidence of conduct or statements made in compromise negotiations is likewise not admissible. This rule does not require the exclusion of any evidence otherwise discoverable merely because it is presented in the course of compromise negotiations. This rule also does not require exclusion when the evidence is offered for another purpose, such as proving bias or prejudice of a witness, negativing a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution.

Fed. R. Evid. 408.

6

discovery requests. Consumer's position is incorrect because "Rule 408 'only applies to the admissibility of evidence at trial and does not necessarily protect such evidence from discovery;' therefore, the rules governing discovery are applicable to settlement documents." *White v. Kenneth Warren & Son, Ltd.*, 203 F.R.D. 364, 368 (N.D. Ill. 2001) (quoting *Morse/Diesel, Inc. v. Fid. and Deposit Co.*, 122 F.R.D. 447, 449 (S.D.N.Y. 1998)); *see e.g., McNally Tunneling Corp. v. City of Evanston, Illinois*, No. 00 C 6979, 2001 WL 1246630, at *1 (N.D. Ill. Oct. 18, 2001) (citing *Coltec Indus., Inc. v. Am. Motorists Ins.* 197 F.R.D. 368, 372 (N.D. Ill. 2000); *City of Wichita v. Aero Holdings, Inc.*, 192 F.R.D. 300, 301-02 (D. Kan. 2000)). The plain language of Rule 408 speaks of admissibility of evidence but Rule 26(b)(1) definition of the permissible scope of discovery speaks of "relevant information." Relevant information is a broader set of information than admissible evidence because under the Rule 26(b)(1)'s definition relevant information need only be "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Thus, the plaintiffs may be able to obtain discovery of items that could be precluded from admission at trial under Rule 408. Additionally, Rule 408 contains exceptions to its limitations on admissibility. Rule 408 allows admission of evidence that "is offered for another purpose, such as proving bias or prejudice of a witness, negativing a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution." Thus, Judge Brown properly rejected Consumers' broad based assertion that Rule 408 prevents discovery of any documents related to its negotiations with the FTC.

Consumer cites to this court's decisions in *Vardon Gold Co., Inc. v. BBMG Golf Ltd.*, 156 F.R.D. 641 (N.D. Ill. 1994), to support its position that Rule 408 bars the plaintiffs' discovery

requests.  In *Vardon*, this court did recognize that "allowing discovery regarding negotiations between parties to ongoing litigation could very easily have a chilling effect on the parties' willingness to enter into settlement negotiations."  156 F.R.D. at 652.  In light of this policy concern, the *Vardon* court refused to compel discovery.  However, this court cannot read *Vardon* the way proposed by Consumer.  *Vardon* never held that Rule 408 creates a broad based prohibition on the discovery of settlement information as argued by Consumer.  Instead, the *Vardon* court held that it wished to implement the policy set forth in Rule 408 to foster negotiations.

The result is that a court should engage in a balancing of interests between Rule 26(b)(1)'s liberal scope of permissible discovery and the policy desire of attempting to prevent the chilling of settlement negotiations.  *See White v. Kenneth Warren & Son, Ltd.*, 203 F.R.D. 364, 368-69 (N.D. Ill. 2001)   Judge Brown's January 6, 2005 decision properly recognized both interests and her resulting order attempts to strike the proper balance in this case.  Judge Brown's January 6, 2006 decision properly considers the law and then attempts to take a reasonable course to resolve the discovery dispute.  Her actions were appropriate and there is "no clearly apparent mistake."  *F.T.C. v. Pacific First Ben., LLC*, 361 F. Supp. 2d 751, 754 (N.D. Ill. 2005) (citing *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997); *Chavez v. Illinois State Police*, 27 F. Supp. 2d 1053, 1066 (N.D. Ill. 1998)).

This court also must note that Consumer can only look to itself for any dissatisfaction that it might have with Judge Brown's January 6, 2006 ruling.  Consumer initially failed to provide Judge Brown with a privilege log or an *in camera* submission of the disputed documents.  Instead, Consumer "made a strategic decision to object to producing all documents

8

that, in Defendants' opinion, 'relate to settlement,' regardless of when created or what those documents contain." *Clark v. Experian Info. Solutions, Inc.*, No. 03 C 7882, 2006 WL 626820, at *3 (N.D. Ill. Jan. 6, 2006) (Brown, J). Judge Brown, aware of the then forthcoming date for the close of discovery, did her best to balance the competing interests of Rule 26(b)(1)'s liberal discovery policy with the desire to prevent the chilling of future settlement negotiations and arrived at the three document categories that she distilled from the parties' discussion in their briefing. This court can find no error in her actions.

## CONCLUSION

For the reasons set forth above, this court denies Consumers' objections to Judge Brown's decision of January 6, 2006. (Dkt. Nos. 238, 251). The parties are to comply with Judge Brown's order forthwith so as to not delay the previously set schedule for this case. The parties are also encouraged to discuss settlement.

ENTER:

_____
JAMES F. HOLDERMAN
United States District Judge

DATE: April 10, 2006